UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRZA M BAIG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1132 |
| § | |
| ROBERT A. MCDONALD SECRETARY OF § | |
| VETERANS AFFAIRS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM**

**I.**

Before the Court is the defendant's, David J. Shulkin, Secretary of Veterans Affairs ("VA"), motion for summary judgment pursuant to Fed. R. Civ. P., Rule 56(a). [DE# 21]. The plaintiff, Mirza M. Baig has filed a response [DE# 24] and the matter is fully before the Court. The Court is of the opinion that the motion is meritorious and should be granted.

**II.**

The plaintiff is a long term employee with the Michael E. DeBakey Veterans Affairs Medical Center. He filed this suit in May 2016, asserting discrimination from August 2104 through June 2015 based on race, national origin, religion and age. He also alleges that his supervisors retaliated against him after he filed a charge of discrimination with the Equal Employment Opportunity Council in November 2014 and November 2015.

The latest suit[1] appears to arise from a written reprimand that the plaintiff received for unsatisfactory performance and reporting to work late and leaving early. The plaintiff also points to an event that occurred at his cubicle between himself and his supervisor, Lenamond

---

[1] The plaintiff has filed three previous lawsuits where allegations of employment discrimination have been asserted [95-4645; 02-1926; and 06-4121]. The plaintiff is WARNED that frivolous suits will be met with monetary sanctions.

where Lenamond "yelled" at him in front of coworkers. He also asserts that Lenamond made false statements about his work habits, sent an email proposing a written reprimand; and in addition, that he was harassed by a coworker who made the statement, "ISIS is here", denied a religious accommodation, received an unsatisfactory performance review, but was not given the opportunity to respond; and, had a stroke as a result of hostile activities in the office.

The defendant disputes the plaintiff's contentions, asserting that: (1) the reprimand was not an "ultimate employment decision for purposes of Title VII discrimination; (2) the plaintiff's claim that his laptop was taken away and that he was denied light duty assignments following his stroke lack merit; the lack of an investigation concerning fellow employee remarks is not an ultimate employment decision; and that there is no evidence that the plaintiff's observance of fasting during Ramadan conflicted with his tour of duty or that his age, race, national origin or any other protected activity.

## III.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322-325 (1986)).

## IV.

At the outset, the Court finds that it lacks jurisdiction over the plaintiff's claims that are unrelated to the three claims presented to the EEO for investigation. As a precondition to filing

suit in federal court, Title VII requires a claimant to exhaust his administrative remedies. *Randal v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). When a claimant fails to comply with this requirement, a court is deprived of jurisdiction over the claim. Id.

In three claims, the plaintiff contends that he was discriminated against based on: (a) national origin based on a hostile workplace environment; (b) religion when he was denied a religious accommodation during the month of Ramadan; and (c) retaliation for filing an EEO complaints. The plaintiff abandoned a claim for age discrimination.

Unlawful discrimination under Title VII can be established through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). Because the plaintiff sets forth no direct evidence of disparate treatment, his claim is analyzed using the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); see also *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under this test, a plaintiff must initially create a presumption of intentional discrimination by establishing a prima facie case by a preponderance of the evidence. *Id.*; see also *Wallace*, 271 F.3d at 220.

### IV(A)

To establish a prima facie case of religious discrimination under Title VII, a plaintiff must establish that (1) he had a bona fide religious belief that conflicted with an employment requirement, (2) he informed his employer of his belief, and (3) he was the subject of an "ultimate employment decision" for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 272-73 (5th Cir. 2000). The evidence wholly fails to support the plaintiff's claim.

The plaintiff is a practicing Muslim, and his religious practice required him observe a period during Ramadan that conflicts with his working hours. However, the VA leave

policy requires an employee to secure prior approval for any absence in order for that absence to qualify as paid leave.[2] The plaintiff contends that his supervisor would not approve a request to alter his schedule on the day of the request that he might attend a religious activity. The record shows that the plaintiff's ability to observe the Muslim holy day was frustrated by his failure to timely secure prior approval pursuant to the leave policy. Nothing prevented the plaintiff from requesting and receiving approval pursuant to the leave policy. Therefore, his claim is denied.

### IV(B)

The plaintiff also claims that he was retaliated against for engaging in prior EEO activity, *i.e.*, filing EEO complaints in 2014 and 2015 and based on national origin. The plaintiff bases these claims on his supervisor's decision to reprimand him after he received warnings concerning his work schedule and the poor quality of his work. He also claims that his laptop was taken, he was denied or refused "light duty" after his stroke, his supervisors did not investigate his complaint(s) concerning the remarks of coworker(s), he did not receive the Lead IT Specialist position and he was not given an opportunity to respond to the written reprimand.

---

[2] The defendant's "Leave Policy" states in pertinent

> part: C. Leave for Title 5 Employees
>
> 1. Annual Leave-This type of leave is appropriate for rest and relaxation for the personal and private business activities of employees and should be requested in advance.
>
> . . . .
>
> b. Requesting Leave
>
> > (1) Granting annual leave is a matter of administrative discretion. Requests for annual leave will be acted upon in light of essential services and with regard to the welfare and preferences of individual employees. Requests for annual leave three days or less will be made verbally in advance to the immediate supervisor.

To prove a prima facie case of unlawful retaliation or national origin discrimination, the plaintiff must establish that he (1) participated in protected activity, (2) received an adverse employment action, and (3) a causal link exists between the protected activity or his national origin status and the adverse action. *See Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1092 (5th Cir. 1995).

Filing an EEO complaint is protected activity. Nevertheless, the plaintiff's retaliation and naturalization claims fail because he cannot establish that he suffered an adverse employment action. *Id*. There is no evidence of a loss in rank, demotion, loss in pay or termination as a result of the plaintiff's national origin or due to retaliation. These claims are unmeritorious.

Based on the conclusions reached in the foregoing discussion and analysis, the VA's motion for summary judgment is GRANTED.

It is so ORDERED.

SIGNED on this 16th day of November, 2017.

_____
Kenneth M. Hoyt
United States District Judge